## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FRANK T.,

Case No. 24-cv-2882 (LMP/DLM)

Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*,

**ORDER GRANTING ATTORNEY'S FEES**

Defendant.

Bryan Konoski, **Konoski & Partners, P.C., East Brunswick, NJ**, for Plaintiff.

Dennis Golden, James D. Sides, Melissa K. Curry, and Sophie Doroba, **Social Security Administration, Office of Program Litigation, Baltimore, MD**, for Defendant.

On March 18, 2025, the Court entered an order remanding this case to the Social Security Administration ("SSA") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 23. The Court subsequently granted Plaintiff Frank T. an award of attorney's fees in the amount of $9,500.00 pursuant to the Equal Access to Justice Act ("EAJA"), 20 U.S.C. § 2412(d), based on the parties' agreement. ECF No. 33.

On remand to the SSA, an administrative law judge determined that Frank T. was eligible for Supplemental Security Income benefits as of October 2020. ECF No. 38-1 at 2. The SSA issued a Notice of Award stating that Frank T. was entitled to back payments for past-due benefits totaling $58,056.00. *Id.* at 3. Frank T. now moves for an additional award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 35. The SSA neither supports nor opposes the requested fee award. ECF No. 41 at 1.

Under Section 406(b), a court may award a "reasonable fee" to a successful Social Security claimant's counsel for work performed before the court, in an amount not to exceed 25 percent of the total past due benefits awarded to the claimant. The 25-percent figure is an upper limit on such fee awards, and counsel for a successful claimant still must "show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court must perform an "independent check" to determine whether a requested fee award is reasonable. *Id.*

Here, Frank T. is a successful claimant because he prevailed on remand before the SSA, *see* ECF No. 38-1 at 2, so he is entitled to an award of fees under Section 406(b). Frank T. seeks a fee award of $14,514.00, which is 25 percent of the $58,056.00 in past-due benefits he was awarded. ECF No. 38 ¶ 4.

The Court finds that the requested fee award is reasonable. Frank T. entered a contingency agreement with his counsel in which he agreed to pay 25 percent of any past-due benefits awarded for counsel's services, ECF No. 38-1 at 11–12, which comports with the statutory cap and represents "the most common fee arrangement between attorneys and Social Security claimants," *Gisbrecht*, 535 U.S. at 800. There is no indication that Frank T.'s counsel caused any delay in this matter or provided substandard representation which could warrant a reduction in fees. *Id.* at 808.

Nor would the full award here be so "large in comparison to the amount of time counsel spent on the case" as to result in a windfall to Frank T.'s counsel. *Id.* His counsel spent 57.8 hours on this case, ECF No. 38-1 at 14, which means the full amount requested represents an effective rate of $251.11 per hour. Courts have approved even higher rates

in comparable cases.  *See Theodoros K. v. Kijakazi*, No. 20-cv-2228 (KMM/ECW), 2023 WL 4621896, at *2 (D. Minn. July 19, 2023) (approving effective rate of $397.48 per hour); *Gerald L. v. Bisignano*, No. 20-cv-1352 (KMM/TNL), 2025 WL 2470180, at *1 (D. Minn. Aug. 28, 2025) (approving effective rate of $429.72 per hour).

Based on the Court's "independent check," *Gisbrecht*, 535 U.S. at 807, the Court concludes that a fee award of $14,514.00 is reasonable.  Frank T. requests that his counsel be sent a net payment of $5,014.00, accounting for a refund of the previous $9,500.00 fee award under the EAJA.  ECF No. 38 ¶ 13.  The SSA does not oppose this approach.  ECF No. 41 at 2.  Accordingly, the Court grants Frank T.'s request.  *See Paula A. v. O'Malley*, No. 22-cv-2358 (KMM/DJF), 2024 WL 4542227, at *2 (D. Minn. Oct. 22, 2024) (granting fee award to counsel "reduced by the Court's original EAJA fee award").

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.  Frank T.'s Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 35) is **GRANTED**; and

2.  Frank T.'s counsel is awarded $14,514.00 in fees, reduced by the Court's original EAJA fee award of $9,500.00 (ECF No. 33), for a net fee award of $5,014.00, to be paid from Frank T.'s past-due benefits pursuant to 42 U.S.C. § 406(b).

Dated: May 18, 2026                           *s/Laura M. Provinzino*
                                               Laura M. Provinzino
                                               United States District Judge

3